IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| vs. | ) CR12-308 |
| | ) |
| JEREMY ALAN GRAY | ) |
| | ) |
| Defendant. | ) |
| | ) |

## TENTATIVE FINDINGS AND RULINGS WITH RESPECT TO DEFENDANT'S TOTAL OFFENSE LEVEL

The Probation Office has conducted a presentence investigation and submitted a presentence report. Both parties have been given the opportunity to file objections and position papers as required by Local Criminal Rule 32.C.4. The Defendant has filed a "Motion For Variance" and supporting Position brief, wherein he requests that the Court vary from the Guidelines' recommendation for numerous reasons, including the argument that the Court should calculate Defendant's offense level utilizing a 1:1 powder/crack ratio.

The United States Sentencing Guidelines are advisory only. Nevertheless, there are certain steps which the sentencing court must take in rendering sentence. First, the Court must continue to calculate a defendant's Guidelines sentence precisely as we would have before the United States Supreme Court decided in United States v. Booker that the guidelines are only advisory. In doing so, we must formally rule on the motions of both parties and state on the record whether we are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force. Second, we are required to exercise our discretion by considering the relevant

§3553(a) factors, in setting the sentence we impose, regardless of whether or not it varies from the sentence calculated under the Guidelines.

Where a criminal case involves crack, this Court typically uses a 1-to-1 crack-to-powder ratio as we announced in opinions in Criminal Nos. 08-48 Erie and 06-72 Erie filed on August 12, 2009, and vary from the otherwise applicable guidelines range. Since we announced our decision to apply a 1-to-1 ratio, the Fair Sentencing Act was enacted, which reduced the disparity between crack cocaine and powder cocaine with the result that the Sentencing Guidelines now reflect a 18-to-1 ratio. It is our judgment that the passage of the Fair Sentencing Act does not affect the rationale underlying the decision to apply a 1-to-1 ratio. See Spears v. United States, 129 S.Ct. 840, 843-44 (2009) (Supreme Court held that district courts "are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines," and that district courts "possess the power to apply a different ratio which, in [the district court's] judgment, corrects the disparity.").

Thus, in addition to calculating the applicable guideline range under the Sentencing Guidelines (here a total offense level of 21 and a criminal history of I, which equates to a 37 to 46 month imprisonment range), here, where both crack and powder cocaine are involved, we need to calculate an alternative guidelines range for Mr. Gray using a 1-to-1 ratio (by using the powder cocaine Guidelines set forth in USSG §2D1.1), including factoring in any appropriate adjustments or departures contained within the Guidelines.

Applying a 1-to-1 crack to powder ratio to the facts of this case results in a base offense level of 16. To find out the adjusted offense level, we then turn to U.S.S.G. §5C1.2. Subsection (b) of §5C1.2 states: "In the case of a defendant (1) who meets the criteria set forth in subsection (a); and (2) for whom the statutorily required minimum sentence is at least five years, the offense

2

level applicable from Chapters Two (Offense Conduct) and Three (Adjustments) shall be not less than level 17." We find that this subsection is applicable in this case because Mr. Gray meets the criteria set forth in §5C1.2(a) and the statutorily required minimum sentence in this case is five years. In simple terms, then this means that while Mr. Gray qualifies for a safety valve sentence pursuant to 18 U.S.C. §3553(f), such that we can disregard the mandatory 5 year sentence otherwise applicable in this case, his offense level must be adjusted upward to 17. Finally, we find that Mr. Gray is entitled to a 3-level reduction for acceptance of responsibility. Thus, we conclude, applying a 1-to-1 crack to powder ratio result in Mr. Gray having a total offense level of 14. With a criminal history of I, this makes the applicable alternative sentencing range 15-21 months' imprisonment.

These are tentative findings and rulings only. This Court will receive evidence and hear argument regarding these tentative findings and rulings at the time set for sentencing.

So Ordered, this 17 day of May, 2013.

Maurice B. Cohill, Jr.
Senior District Court Judge